UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
GRAND RAPIDS DIVISION

| | |
|---|---|
| JOHN YOUNG,<br><br>      Plaintiff,<br><br>v.<br><br>CREDIT CORP SOLUTIONS, INC. d/b/a TASMAN CREDIT,<br><br>      Defendant. | CIVIL COMPLAINT<br><br>CASE NO. 1:20-cv-00953<br><br>DEMAND FOR JURY TRIAL |

## COMPLAINT

**NOW COMES** John Young ("Plaintiff"), by and through his undersigned attorneys, complaining as to the conduct of Credit Corp Solutions, Inc., doing business as, Tasman Credit ("Defendant"), as follows:

### NATURE OF THE ACTION

1. Plaintiff brings this action seeking redress for damages pursuant to the Fair Debt Collection Practices Act ("FDCPA") under 15 U.S.C. §1692 and violations of the Telephone Consumer Protection Act ("TCPA") pursuant to 47 U.S.C. §227.

### JURISDICTION AND VENUE

2. This action arises under and is brought pursuant to the TCPA and FDCPA. Subject matter jurisdiction is conferred upon this Court by 15 U.S.C §1692, 28 U.S.C. §§1331 and 1337, as the action arises under the laws of the United States.

3. Venue is proper in this Court pursuant to 28 U.S.C. §1391 as Plaintiff resides in the Western District of Michigan, Defendant conducts business in the Western District of Michigan,

a substantial portion the events or omissions giving rise to the claims occurred within the Western District of Michigan.

## PARTIES

4. Plaintiff is a natural person over 18-years-of-age who, at all times relevant is a "consumer" as defined by 15 U.S.C. §1692a(3). Plaintiff is an Emergency Medical Serviceman and a firefighter for Kane County, Michigan.

5. Defendant is a corporation engaged in the business of collecting or attempting to collect, directly or indirectly, defaulted debts owed or due using the mail and telephone from consumers across the country, including consumers in the state of Michigan. Defendant is incorporated in the state of Utah, with its principal place of business located at 180 West Election Road, Ste 200, Draper, Utah 84020.

6. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, vendors, representatives and insurers at all times relevant to the instant action.

## FACTS SUPPORTING CAUSES OF ACTION

7. Prior to the conduct giving rise to this action, Plaintiff had a credit card account with Synchrony Bank ("subject debt").

8. Due to a financial hardship, Plaintiff was unable to sustain timely payments and thus defaulted on the subject debt.

9. Sometime thereafter, Defendant acquired the rights to collect upon the defaulted subject debt.

10. In June 2020, Plaintiff began receiving collection phone calls to his cellular phone number (616) XXX-1159 from Defendant attempting to collect the subject debt.

11. At all times relevant, Plaintiff was the sole subscriber, owner, and operator of the cellular phone ending in 1159. Plaintiff is and has always been financially responsible for the cellular phone and its services.

12. In June 2020, Plaintiff answered a call from Defendant and informed its representative that he was tired of Defendant calling him and he wanted the calls to stop.

13. However, Defendant continued placing calls to Plaintiff's cellular phone despite his request that Defendant stop calling him.

14. In July 2020, Plaintiff answered yet *another* phone call from Defendant and spoke to a representative of Defendant stating that he is an emergency response employee and cannot receive any more calls as Plaintiff needs his cellular phone clear from calls in case of emergencies.

15. Notwithstanding Plaintiff's multiple request that Defendant cease placing phone calls to his cellular phone, Defendant placed or caused to be placed multiple harassing phone calls to Plaintiff's cellular phone between June 2020 to the present day.

16. In the calls that Plaintiff answered, Plaintiff was greeted by a noticeable period of "dead air" while Defendant's automated telephone system attempted to connect Plaintiff to a live agent.

17. Specifically, there would be an approximate 3 second pause between the time Plaintiff said "hello," and the time that a live agent introduced them self as a representative of Defendant.

18. Moreover, Plaintiff also hears what sounds to be call center noise in the background of each of Defendant's calls.

19. Upon information and belief, Defendant placed its calls to Plaintiff's cellular telephone using an automated telephone dialing system ("ATDS"), a telephone dialing system that is commonly used in the debt collection industry to collect defaulted debts.

20. The phone numbers that Defendant most often uses to contact Plaintiff is (616) 888-7378, (616) 797-7055, (616) 649-4977, (616) 622-7002, and (616) 803-7108, but upon information and belief, it may have used multiple other phone numbers to place phone calls to Plaintiff's cellular phone number without his consent.

## DAMAGES

21. Defendant's harassing phone calls have severely disrupted Plaintiff's daily life and general well-being.

22. Defendant's phone harassment campaign and illegal collection activities have caused Plaintiff actual harm, including but not limited to, invasion of privacy, nuisance, intrusion upon and occupation of Plaintiff's cellular telephone capacity, wasting Plaintiff's time, the increased risk of personal injury resulting from the distraction caused by the phone calls, aggravation that accompanies unsolicited telephone calls, emotional distress, mental anguish, anxiety, loss of concentration, diminished value and utility of telephone equipment and telephone subscription services, the loss of battery charge, and the per-kilowatt electricity costs required to recharge his cellular telephone as a result of increased usage of his telephone services.

23. In addition, each time Defendant placed a telephone call to Plaintiff, Defendant occupied Plaintiff's telephone number such that Plaintiff was unable to receive other phone calls.

24. Concerned about the violations of his rights and invasion of his privacy, Plaintiff was forced to seek the assistance of counsel to file this action to compel Defendant to cease its unlawful conduct.

## COUNT I – VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

25. Plaintiff restates and realleges paragraphs 1 through 24 as though fully set forth herein.

26. Plaintiff is a "consumer" as defined by FDCPA §1692a(3).

27. Defendant is a "debt collector" as defined by §1692a(6) because its primary business is the collection of delinquent debts and it regularly collects debts and uses the mail and/or the telephones to collect delinquent accounts allegedly owed to a third party.

28. Moreover, Defendant is a "debt collector" because it acquired rights to the debt after it was in default. 15 U.S.C. §1692a(6).

29. The debt in which Defendant attempting to collect upon is a "debt" as defined by FDCPA §1692a(5) as it arises out of a transaction due or asserted to be owed or due to another for personal, family, or household purposes.

30. Defendant used the phone to attempt to collect the debt and, as such, engaged in "communications" as defined in FDCPA §1692a(2).

31. Defendant's communications to Plaintiff were made in connection with the collection of the debt.

32. Defendant violated 15 U.S.C. §§1692c(a)(1), d, and d(5) through its unlawful debt collection practices on a debt that never belonged to Plaintiff.

    **a.   Violations of FDCPA § 1692c**

33. Defendant violated §1692c(a)(1) when it continuously called Plaintiff after being notified to stop. This repeated behavior of continuously and systematically calling Plaintiff's cellular phone over and over after he demanded that it cease contacting him was harassing and abusive. Even after being told to stop calling him, Defendant continued calling with the specific goal of abusing Plaintiff into making a payment on the subject debt.

34. Defendant was notified by Plaintiff that its calls were not welcomed. As such, Defendant knew that its conduct was inconvenient, unwanted, and distressing to him.

### b. Violations of FDCPA § 1692d

35. Defendant violated §1692d by engaging in abusive and harassing conduct by relentlessly calling Plaintiff's cellular phone seeking immediate payment on the subject debt. Moreover, Defendant continued placing calls after Plaintiff demanded Defendant stop calling him.

36. Defendant violated §1692d(5) by causing Plaintiff's cellular phone to ring repeatedly and continuously in an attempt to engage Plaintiff in conversations regarding the collection of the subject debt with the intent to annoy, abuse, or harass Plaintiff. Furthermore, Defendant continued to place these calls after Plaintiff informed Defendant its calls were not welcome. Specifically, Defendant placed or caused to be placed numerous harassing phone calls to Plaintiff's cellular telephone from June 2020 through the present day without his prior consent.

37. Moreover, despite Plaintiff's pleas that his cellular phone line needs to be clear from all calls due to the fact he is an emergency response employee and firefighter, Defendant ignored his requests, and continued to place unsolicited calls to his cellular phone with the intent to annoy, abuse, and harass Plaintiff into making a payment on the subject debt.

38. Upon information and belief, Defendant systematically attempts to collect debts through harassing conduct and has no procedures in place to assure compliance with the FDCPA.

39. As stated above, Plaintiff was severely harmed by Defendant's conduct.

**WHEREFORE**, Plaintiff JOHN YOUNG respectfully requests that this Honorable Court:

a. Declare that the practices complained of herein are unlawful and violate the aforementioned statute;

b. Award Plaintiff statutory and actual damages, in an amount to be determined at trial, for the underlying FDCPA violations;

c. Award Plaintiff costs and reasonable attorney fees as provided under 15 U.S.C. §1692k; and

d. Award any other relief as the Honorable Court deems just and proper.

## COUNT II – VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT

40. Plaintiff restates and realleges paragraphs 1 through 39 as fully set forth herein.

41. Defendant placed or caused to be placed non-emergency calls, including but not limited to the calls referenced above, to Plaintiff's cellular telephone using an automatic telephone dialing system ("ATDS") without his prior consent in violation of 47 U.S.C. §227 (b)(1)(A)(iii).

42. The TCPA defines ATDS as "equipment which has the capacity...to store or produce telephone numbers to be called, using a random or sequential number generator; and to dial such numbers." 47 U.S.C. §227(a)(1).

43. Upon information and belief, based on the lack of prompt human response during the phone calls in which Plaintiff answered, Defendant used an automated dialing system to place calls to Plaintiff's cellular telephone.

44. Upon information and belief, the ATDS employed by Defendant transfers the call to a live agent once a human voice is detected, thus resulting in a pause after the called party speaks into the phone.

45. Upon information and belief, Defendant's phone system stores telephone numbers to be called, using a random *or* sequential number generator, which it used to call Plaintiff on his cellular phone.

46. The fact that Defendant's phone system continued to place calls after Defendant was aware that Plaintiff did not wish to receive further calls clearly evinces the fact that Defendant's phone system stored Plaintiff's phone number and continued to randomly or sequentially auto-dial Plaintiff's cellular phone number without his consent.

47. There would be no reason for Defendant to continue to contact Plaintiff, especially after having been notified to cease all telephone communications. Yet, Defendant's ATDS continued to keep Plaintiff's phone number stored, causing its system to randomly or sequentially dial the number dozens of times thereafter.

48. Any prior consent, if any, was revoked by Plaintiff's verbal revocations.

49. Defendant violated the TCPA by placing numerous phone calls to Plaintiff's cellular telephone from June 2020 through the present day, using an ATDS without his prior consent.

50. As pled above, Plaintiff was severely harmed by Defendant's collection calls to his cellular phone.

51. Upon information and belief, Defendant has no system in place to document and archive whether it has consent to contact consumers on their cellular phones.

52. Upon information and belief, Defendant knew its collection practices were in violation of the TCPA, yet continued to employ them to increase profits at Plaintiff's expense.

53. Upon information and belief, Defendant's phone system stores telephone numbers to be called, using a random or sequential number generator, which it used to call Plaintiff on his cellular phone.

54. The calls placed by Defendant to Plaintiff were regarding business activities and not for emergency purposes as defined by the TCPA under 47 U.S.C. §227(b)(1)(A)(i).

55. Defendant, through its agents, vendors, representatives, subsidiaries, and/or employees acting within the scope of their authority acted intentionally in violation of 47 U.S.C. §227(b)(1)(A)(iii).

56. Pursuant to 47 U.S.C. §227(b)(3)(B), Defendant is liable to Plaintiff for a minimum of $500 per call. Moreover, pursuant to 47 U.S.C. §227(b)(3)(C), Defendant's willful and knowing violations of the TCPA should trigger this Honorable Court's ability to triple the damages to which Plaintiff is otherwise entitled to under 47 U.S.C. §227(b)(3)(C).

**WHEREFORE**, Plaintiff, JOHN YOUNG, respectfully requests that this Honorable Court enter judgment in his favor as follows:

   a. Declare Defendant's phone calls to Plaintiff to be violations of the TCPA;
   b. Award Plaintiff damages of at least $500 per phone call and treble damages pursuant to 47 U.S.C. § 227(b)(3)(B)&(C);
   c. Enjoining Defendant from further communicating with Plaintiff; and
   d. Awarding any other relief as this Honorable Court deems just and appropriate.

**Plaintiff demands trial by jury.**

Dated: September 30, 2020                                  Respectfully Submitted,

/s/ Alexander J. Taylor
Alexander J. Taylor, Esq.
Sulaiman Law Group, Ltd.
2500 South Highland Avenue, Suite 200
Lombard, IL 60148
Telephone: (630) 575-8181
ataylor@sulaimanlaw.com
*Counsel for Plaintiff*